780 F.2d 1021
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
ULYSSES GREEN, Plaintiff-Appellant
v.
PERRY JOHNSON, DEPARTMENT OF CORRECTIONS, ALL THE RIVERSIDE
STAFF MEMBERS; BILL ABSHIRE, S.W. LEE (DOCTOR); C.
W. LEE (DOCTOR), MR. GONZALES (NURSE),
Defendants-Appellees.
 85-1680
 United States Court of Appeals, Sixth Circuit.
 11/4/85
 
 AFFIRMED
 W.D.Mich.
 ORDER
 BEFORE: KEITH and KENNEDY, Circuit Judges; and EDWARDS, Senior Circuit Judge.
 
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record, plaintiff having declined to submit an informal brief by the date requested, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 In this action brought pursuant to 42 U.S.C. Sec. 1983, plaintiff seeks redress for an alleged violation of his constitutional rights said to have taken place while he was incarcerated at Riverside Correctional Facility, Ionia, Michigan. Defendants are individuals connected with that institution and the Michigan Department of Corrections. The district court ultimately granted summary judgment for all defendants and plaintiff appeals. On appeal, plaintiff moves for the appointment of appellate counsel.
 
 
 3
 Upon consideration, we affirm. Plaintiff has alleged personal involvement by only one of the named defendants, Nurse Gonzales. The district court correctly noted that liability may not be imputed to the remaining defendants on the theory of respondeat superior. See Hays v. Jefferson County, Ky., 668 F.2d 869 (6th Cir. 1982). The claim against Nurse Gonzales also must fail. It is clear, from the uncontroverted evidentiary material accompanying the defendants' motion for summary judgment, that the actions in question of the Riverside staff were brought about by plaintiff's behavior and limited by medical necessity. This action is without merit. For these reasons, and for the reasons set forth in the order on review, we affirm.
 
 
 4
 It appearing therefore that the question on which decision of the cause depends is so unsubstantial as not to need further argument, Rule 9(d)(3), Rules of the Sixth Circuit,
 
 
 5
 It is ORDERED that the motion for counsel be denied and that the judgment on appeal be and it is hereby affirmed.